**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Bentley NEELY, Defendant–
Appellant.**

**No. 91–3004
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 30, 1992.

---

Scott A. Farr, Winter Park, Fla., for defendant-appellant.

Before TJOFLAT, Chief Judge, and ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

On October 9, 1990, Appellant James Bentley Neely pled guilty to violating 21 U.S.C. § 841(d)(2) (1988), which criminalizes the possession or distribution of a "listed chemical," here phenylacetic acid, with knowledge that it would be used to manufacture a "controlled substance," here methamphetamine. On December 17, 1990, the district court sentenced Neely to 118 months imprisonment followed by four years of supervised release, imposed a special assessment of $50, and declared him ineligible for federal benefits for five years. Neely appeals his sentence arguing that (1) he should have been sentenced under U.S.S.G. § 2D1.11 (Nov. 1, 1991), rather than U.S.S.G. § 2D1.1 (Nov. 1, 1990), and (2) four years of supervised release exceeds the maximum allowed by section 841(d)(2) and U.S.S.G. § 5D1.2(b)(2).[1] We affirm the district court's decision to sentence Neely under section 2D1.1, reverse the court's sentence of four years of supervised release, and remand the case for further proceedings.

I.

We review *de novo* all questions of law that arise out of the district court's application of the sentencing guidelines. *United States v. Shores*, 966 F.2d 1383, 1386 (11th Cir.1992). After pronouncing Neely's sentence, the district court followed our instructions in *United States v. Jones*, 899 F.2d 1097, 1102–03 (11th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), and asked the parties whether they had "any objection to the sentence or the manner in which the sentence was pronounced." Neither Neely nor the government objected to the sentence. By failing to object, Neely waived the objections that he now makes. *See United States v. Webb*, 943 F.2d 43, 44 (11th Cir. 1991). We will only consider objections raised for the first time on appeal under the plain error doctrine to avoid "manifest injustice." *See Jones*, 899 F.2d at 1103.

A.

Neely argues that the district court should have sentenced him under guideline section 2D1.11, not section 2D1.1. Section 2D1.11 establishes a "Chemical Quantity Table" for determining base offense levels that apply to violations of § 841(d)(2). We reject Neely's argument for three reasons.

First, Neely waived the argument by failing to object below and the court's sentence (exclusive of the four year term of supervised release) was not manifestly

---

1. Neely also challenges the district court's decision to sentence him for violating 18 U.S.C. § 2 (1988), which declares that one who aids or abets an offense against the United States is punishable as a principal. Neely claims that he had no notice of the charge because it was not included in the indictment. Count II of the indictment, however, clearly specifies violation of 18 U.S.C. § 2 as well as 21 U.S.C. § 841(d)(2).

unjust. *See Webb*, 943 F.2d at 44; *Jones*, 899 F.2d at 1103. Second, the district court sentenced Neely almost a year before section 2D1.11's effective date.[2] Hence, section 2D1.11 does not apply to Neely's conviction. *See* 18 U.S.C. § 3553(a)(4) (requiring the application of the guideline in effect at time of sentencing); *United States v. Marin*, 916 F.2d 1536, 1538 (11th Cir.1990) (same). Third, in the related case of *United States v. Hyde*, 977 F.2d 1436 (11th Cir.1992), we affirmed a district court's decision to sentence a violator of section 841(d)(2) under section 2D1.1's "Drug Quantity Table" by calculating the amount of methamphetamine that could have been produced from the phenylacetic acid that he possessed. As in *Hyde*, the district court's decision to sentence Neely under section 2D1.1's table was proper.

### B.

 Neely also contends, and the government concurs, that the district court exceeded its authority by sentencing him to four years of supervised release following his imprisonment. We agree. Although Neely did not voice his objection below, we consider the argument to avoid manifest injustice.

Section 841(d)(2) does not itself provide for the imposition of a period of supervised release. Because a violation of section 841(d)(2) carries a statutory maximum of ten years imprisonment, it is a Class C felony. *See* 18 U.S.C. § 3559(a)(3) (1988). Under U.S.S.G. § 5D1.2(b)(2), courts may impose a term of supervised release of between two and three years upon a defendant convicted of a Class C felony. The district court exceeded its authority by imposing a four year term of supervised release. We reverse and remand so that the district court may impose a lawful term of supervised release.

### II.

We affirm the district court's decision to sentence Neely under section 2D1.1's

"Drug Quantity Table." We reverse the court's decision to impose four years of supervised release, and remand for further proceedings.

AFFIRMED in part, REVERSED and REMANDED in part.

---

**2.** Neely apparently tries to finesse § 2D1.11's post-sentencing effective date by simply omitting the date from his brief.