**UNITED STATES of America, Appellee,**

v.

**Curtis A. WILSON, Appellant.**

**No. 93–1455.**

United States Court of Appeals, Eighth Circuit.

Submitted June 4, 1993.

Decided July 1, 1993.

**430**

Curtis Allen Wilson, pro se.

Steven N. Snyder, Fort Smith, AR, for appellee.

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

PER CURIAM.

In March 1991, Curtis A. Wilson pleaded guilty to violating 21 U.S.C. § 841(d)(1) by possessing methylamine, a chemical listed in 21 U.S.C. § 802(34), with intent to manufacture methamphetamine, a controlled substance. The district court used U.S.S.G. § 2D1.1 in calculating Wilson's sentencing guidelines range of 135–168 months, and sentenced him to 120 months in prison (the statutory maximum) and four years of supervised release. After we affirmed in an unpublished per curiam opinion, 966 F.2d 1459. Wilson filed this motion to vacate his sentence under 28 U.S.C. § 2255, alleging numerous new sentencing errors. He now appeals pro se the district court's order denying the motion to vacate and argues for the first time on appeal that four years of supervised release is in excess of the maximum authorized by law. We affirm all issues decided by the district court but agree that the term of supervised release is unlawful.

Wilson's principal argument is that the district court improperly sentenced him under § 2D1.1. He contends that he should be resentenced under § 2D1.10 (endangering human life while illegally manufacturing a controlled substance), or under § 2D1.11, a

new guideline governing § 841(d) offenses that became effective after Wilson was sentenced.

■ A § 2255 motion is not a substitute for direct appeal; it is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Davis v. United States,* 417 U.S. 333, 343, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974). Wilson may not obtain § 2255 relief for "unappealed errors to which no contemporaneous objection was made" unless he can show both cause and prejudice. *Reid v. United States,* 976 F.2d 446, 448 (8th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1351, 122 L.Ed.2d 732 (1993). We agree with the district court that Wilson has not established cause for his procedural default in failing to appeal the district court's use of § 2D1.1 in sentencing.

■ However, Wilson also argues that he should be resentenced using the new § 2D1.11 by reason of 18 U.S.C. § 3582(c)(2), which expressly authorizes the district court to reduce a sentence

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This claim is obviously not procedurally defaulted. However, the Guidelines amendment that added § 2D1.11 is not listed in § 1B1.10(d), and therefore "a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c) is not consistent with this policy statement." § 1B1.10(a). Thus, the district court correctly concluded that Wilson is not entitled to relief under § 3582(c)(2). *See also United States v. Leed,* 981 F.2d 202, 207 (5th Cir.1993) (§ 2D1.11 should not be applied retroactively), *cert. denied,* — U.S. ——, 113 S.Ct. 2971, 125 L.Ed.2d 669 (1993).

■ Wilson's attack on his four years of supervised release requires careful review of the relevant statutes. Wilson was convicted of violating § 841(d), which is a Class C felony because it carries a maximum prison term of ten years. *See* 18 U.S.C.

§ 3559(a)(3). Unless a statute authorizes a longer term, the authorized supervised release term for a Class C felony is not more than three years. *See* 18 U.S.C. § 3583(b); U.S.S.G. § 5D1.2. Section 841(d) does not specify a term of supervised release. Therefore, Wilson could not receive more than three years supervised release for his § 841(d) violation. *See United States v. Neely,* 979 F.2d 1522, 1524 (11th Cir.1992), where the government conceded the issue. Wilson has procedurally defaulted this claim, but § 2255 expressly makes relief available if "the sentence was in excess of the maximum authorized by law," and we agree with the court in *Neely* that we should grant relief from the illegal sentence "to avoid manifest injustice." 979 F.2d at 1524. *See also United States v. Lemay,* 952 F.2d 995, 998 (8th Cir.1991).

All of Wilson's remaining contentions are procedurally defaulted. The judgment of the district court is vacated and the case is remanded with instructions to resentence Wilson to no more than three years of supervised release. In all other respects, the decision of the district court is affirmed.