_____

No. 95-2823
_____

Robert B. Marx,                      *
                                     *
          Appellant,                 *
                                     *  Appeal from the United States
     v.                              *  District Court for the
                                     *  District of South Dakota.
United States of America,            *
                                     *     [UNPUBLISHED]
          Appellee.                  *

_____

Submitted:  February 2, 1996

Filed:  February 23, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.

Robert B. Marx appeals the district court's denial of his second 28 U.S.C. § 2255 motion. We affirm in part, and remand only for the sentencing court to specify the amount of restitution ordered as a condition of supervised release.

In October 1991, a jury found Marx guilty of three counts of misapplying bank funds, two counts of money laundering, and three counts of making a false statement. In January 1992, the district court sentenced Marx to concurrent prison terms of five years and 63 months, followed by five years supervised release, and ordered him to "pay restitution to the Federal Deposit Insurance Corporation (FDIC) in an amount to be resolved by a judge, jury or settlement in bankruptcy and/or negotiation with the FDIC." We affirmed Marx's conviction and sentence. United States v. Marx,

991 F.2d 1369, 1375 (8th Cir.), cert. denied, 114 S. Ct. 618 (1993).

In April 1994, Marx filed a pro se section 2255 motion to vacate, set aside or correct his sentence, alleging various sentencing errors and several claims of ineffective assistance of counsel. The district court ordered summary dismissal and Marx appealed, but he later moved for and was granted dismissal of the appeal. Marx v. United States, No. 94-2471 (8th Cir. Dec. 20, 1994) (unpublished judgment).

In May 1995, Marx filed this section 2255 motion, raising seven claims of ineffective assistance of counsel, including a claim that counsel failed to argue the district court could not leave open the order of restitution, as his sentence could not be "increased" at a later time. The district court dismissed Marx's motion as successive and an abuse of the writ, after giving Marx the opportunity to show both "cause" and "prejudice" to excuse his failure to include all claims in the first petition, or a fundamental miscarriage of justice. See McCleskey v. Zant, 499 U.S. 467, 489-95 (1991); United States v. Fallon, 992 F.2d 212, 213 (8th Cir. 1993).

We conclude that Marx's motion was properly dismissed as an abuse of the writ, because he failed to show the factual or legal bases for the claims in his current motion were not reasonably available to him when he filed his first motion. See McCleskey, 499 U.S. at 493-94, 498; Reed v. Ross, 468 U.S. 1, 16 (1984). Marx's pro se status and lack of legal knowledge also did not constitute "cause." See Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992). Even if, as Marx argued, he raised only the same ineffective-assistance claims he raised in his first motion, his second motion was properly dismissed as successive. See Rules 4(b) and 9(b) of the Rules Governing Section 2255 Proceedings.

Although Marx failed to challenge the restitution order on direct appeal or in his first section 2255 motion, the order requiring Marx to pay restitution in an amount to be resolved later was improper.  See 18 U.S.C. § 3663(a)(1) (authorizing order of restitution at time of sentencing); United States v. Prendergast, 979 F.2d 1289, 1293 (8th Cir. 1992) (no authority exists for sentencing court to leave question of restitution open to uncertain date).  We reach this issue because section 2255 expressly authorizes relief from a sentence imposed in violation of law.  Cf. United States v. Wilson, 997 F.2d 429, 431 (8th Cir. 1993) (per curiam) (reaching procedurally defaulted issue and remanding for resentencing where supervised release was imposed in excess of statutory authorization).

Accordingly, we affirm the judgment of the district court as to all Marx's claims except the claim challenging the restitution order.  As to that claim, we remand with directions to resentence consistently with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.