[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10413
Non-Argument Calendar

_____

D. C. Docket No. 01-00232-CR-JTC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY A. BAXTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 27, 2007)**

Before BLACK, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Gregory Alan Baxter appeals his 20-month sentence imposed following the

revocation of his supervised release pursuant to 18 U.S.C. § 3583(e)(3). For the reasons that follow, we affirm.

## I. BACKGROUND

In 2001, Baxter pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). The U.S. Probation Office prepared a presentence investigation report ("PSI"), which stated that Baxter's offense of conviction was a Class C felony with a statutory maximum penalty of 20 years' imprisonment. Because of his lengthy criminal history, the PSI assigned Baxter a criminal history category of VI. Thereafter, the district court sentenced Baxter to 70 months' imprisonment, to be followed by 36 months of supervised release.

On April 14, 2006, Baxter was released from prison and began his term of supervised release. On June 2, 2006, the district court issued an order to show cause as to why Baxter's supervised release should not be revoked, charging that Baxter had violated the conditions of his release by failing to report for drug testing and by being arrested for simple battery. On July 6, 2006, the district court issued an amended show-cause order, charging Baxter with making untruthful statements to his probation officer and knowingly associating with a convicted felon. The district court found that Baxter had violated his supervised release and sentenced him to 4 months' imprisonment, to be followed by 32 months of

2

supervised release, with the first 4 months to be served in home confinement.

Baxter was released from prison in October 2006, and on December 22, 2006, the district court issued a summons and order to show cause as to why Baxter's supervised release should not be revoked. The show-cause order alleged that Baxter had violated the conditions of his supervised release by failing to report to his probation officer within 72 hours of his release from prison, making untruthful statements to his probation officer, leaving the Northern District of Georgia without permission, failing to submit to drug testing, and testing positive for cocaine.

During the revocation hearing on January 8, 2007, Baxter conceded the violations, but stated that he had recently found secure employment, that he could comply with the requirements of supervised release, and that he would be willing to live in a halfway house to get his life organized. Baxter's counsel noted that the probation officer had recommended that the terms of Baxter's supervised release include placement in a halfway house for 4 months with electronic-bracelet monitoring. Baxter's counsel further noted that the 4 months of home confinement the court had ordered in October 2006 had not been executed because Baxter did not have a home. In response, the Government objected to the probation officer's recommendation regarding the halfway house and electronic monitoring and asked

the court to sentence Baxter to 12 months' imprisonment.

Upon finding that Baxter violated the terms of his supervised release, the district court revoked the remainder of his release and sentenced him to 20 months' imprisonment. Regarding the sentence, the court stated:

> That is the maximum sentence I am able to sentence you to, as I understand it, under the present sentencing guidelines. I don't think that the guideline range is adequate to address your situation.
>
> The history of your supervised release shows that you will not comply with the conditions of your supervised release, you've repeatedly failed to comply, you have continued your drug use, you have failed to submit for drug testing on a number of occasions which indicates there may be several other occasions in which you've been using drugs. You have a significant criminal history, several of the offenses involve violence. Most of these offenses were committed while you were on some sort of probationary sentence similar to supervised release.
>
> The last time you were revoked was the result of a new criminal offense which was an assault on a former girlfriend who the court had instructed you not to I believe have contact with. So I think the only way to go, one, resolve this and, two, to protect the community, is to sentence you to the 20 months with no supervised release to follow.

The court then asked Baxter's counsel if he had "any objection to the sentence or the manner in which it was imposed?" Baxter's counsel responded that he did and stated that "I respectfully suggest that the sentence that you imposed is not reasonable under [18 U.S.C. § 3553(a)]." The court replied "I understand" and informed Baxter of his right to appeal his sentence. The court then asked the Government if it objected to the sentence, and the Government responded that it

4

did not. Baxter now appeals.

## II. DISCUSSION

On appeal, Baxter argues that the district court failed to elicit objections after imposing sentence as required by United States v. Jones, 899 F.2d 1097 (11th Cir. 1990), overruled on other grounds by United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993), and failed to sufficiently indicate on the record that it had considered the Sentencing Guidelines before imposing the sentence. We address each argument in turn.

## A. Compliance with Jones

Pursuant to Jones, "after imposing a sentence, the district court must give the parties an opportunity to object to the court's ultimate findings of fact, conclusions of law, and the manner in which the sentence is pronounced, and must elicit a full articulation of the grounds upon which any objection is based." United States v. Campbell, 473 F.3d 1345, 1347 (11th Cir. 2007) (citing Jones, 899 F.2d at 1102). The objection-elicitation requirement serves two purposes: "(1) a well-made objection may permit the court to cure an error, perhaps avoiding the need for appeal; and (2) an objection may narrow the issues on appeal." United States v. Holloway, 971 F.2d 675, 681 (11th Cir. 1992). "Where the district court has offered the opportunity to object and a party is silent or fails to state the grounds

5

for objection, objections to the sentence will be waived for the purpose of appeal." Id. We "will not entertain an appeal based upon such objections unless refusal to do so would result in manifest injustice." Id.

When a district court fails to elicit objections after imposing sentence, "we normally vacate the sentence and remand to the district court to give the parties an opportunity to present their objections." Campbell, 473 F.3d at 1347. "A remand is unnecessary, however, when the record on appeal is sufficient to enable review." Id. And this court has recently clarified that the Jones rule applies to supervised-release revocation proceedings. Id.

In Jones, this court held that the objection-elicitation requirement could have been satisfied in that case "if the [district] court, after pronouncing sentence, had asked counsel whether there were *any objections—to the sentence or to the manner in which the court pronounced it*—other than those previously stated for the record." Jones, 899 F.2d at 1102 (emphasis added). In United States v. Neely, 979 F.2d 1522 (11th Cir. 1992), we held that "the district court followed our instructions in United States v. Jones" by asking "the parties whether they had '*any objection to the sentence or the manner in which the sentence was pronounced*.'" Neely, 979 F.2d at 1523 (citation omitted) (emphasis added). In United States v. Wilson, we held that the Jones rule was satisfied where the district court stated "are

there any exceptions to the findings made in the sentencing hearing?" 983 F.2d 221, 225-26 (11th Cir. 1993). In United States v. Maurice, we held that "[t]he district court complied with Jones by asking for objections after imposition of the sentence." 69 F.3d 1553, 1557 (11th Cir. 1995). And in United States v. Ramsdale, we held that Jones was satisfied where the district court asked "anything else . . . necessary in this resentencing," and defense counsel stated an objection in response, thereby demonstrating that he understood the court to be eliciting objections. 179 F.3d 1320, 1324 (11th Cir. 1999).

Baxter argues that the district court failed to comply with the objection-elicitation requirement of Jones because the district court failed to ask if Baxter had any objections to the court's "ultimate findings of fact and conclusions of law." We disagree.

After imposing the sentence, the district court asked Baxter's counsel if he had "any objection to the sentence or the manner in which it was imposed?" Baxter's counsel replied "I do. I respectfully suggest that the sentence that you imposed is not reasonable under [18 U.S.C. § 3553(a)]." Thus, not only did the district court specifically asked defense counsel if he had *any* objection to the *sentence*, the court *also* asked if defense counsel had *any* objection to "the manner in which [the sentence] was imposed," which, necessarily includes any factual or

legal bases upon which the district court relied in imposing the sentence. Nothing in the record indicates that the district court's request for objections was limited solely to objections based on the reasonableness of the sentence.

Furthermore, nothing in our case-law construing Jones requires that the district court specifically ask a party whether he objects to the court's "ultimate findings of fact and conclusions of law." See Wilson, 983 F.2d at 225-26 (holding that Jones was satisfied where the district court asked "are there *any exceptions* to the findings made in the sentencing hearing?" (emphasis added)); Maurice, 69 F.3d at 1557 ("The district court complied with Jones by *asking for objections* after imposition of the sentence." (emphasis added)); Ramsdale, 179 F.3d at 1324 (holding that the district court's inquiry of "anything else . . . necessary in this resentencing" satisfied Jones where defense counsel stated an objection in response). Again, as long as "the district court *has offered the opportunity to object*," the Jones rule is satisfied. Jones, 899 F.2d at 1103 (emphasis added). Indeed, as stated above, in Neely we held that Jones was satisfied where the district court "asked the parties whether they had '*any objection to the sentence or the manner in which the sentence was pronounced*[,]'" Neely, 979 F.2d at 1523 (emphasis added), which is nearly identical to the question the district court posed during Baxter's revocation hearing. Because the district court provided Baxter

8

with an opportunity to lodge any objection to the sentence and the bases upon which the district court relied in imposing that sentence, we conclude that the Jones rule was satisfied.

**B. On-the-Record Consideration of the Sentencing Guidelines**

Baxter next argues that the "district court failed to state on the record its conclusions regarding its calculations under the sentencing guidelines," so that his sentence is "invalid."

We review the legality of a sentence de novo. United States v. Pla, 345 F.3d 1312, 1313 (11th Cir. 2003). But where, as here, the defendant failed to raise an issue in the district court, we review only for plain error. United States v. Peters, 403 F.3d 1263, 1270 (11th Cir. 2005). To satisfy the plain-error standard, we must find that (1) an error has occurred, (2) the error was plain, and (3) the error affected the defendant's substantial rights. United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003). If all three conditions are met, this court may, in its discretion, notice and correct the forfeited error, but only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotation omitted).

"Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of

supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)." United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006). Factors to consider include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). "One of the factors a court *must* consider . . . is . . . the sentencing *range* established [by] . . . the applicable guidelines or policy statements issued by the Sentencing Commission." United States v. White, 416 F.3d 1313, 1318 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)(4)) (emphasis added). "For sentences imposed upon revocation of supervised release, the recommended sentencing range is based on the classification of the conduct that resulted in the revocation and the criminal history category applicable at the time the defendant originally was sentenced to the term of supervision." Campbell, 473 F.3d at 1348-49 (citing U.S.S.G. §§ 7B1.1, 7B1.4). But because "the Guidelines have always been advisory for sentences imposed upon revocation of supervised release," it is enough "that there be some indication that the district court was aware of and considered the Guidelines, which requires the court to consider the sentencing *range* established under the Guidelines." Id. at 1349 (citations and

internal quotation marks omitted); <u>United States v. Cook</u>, 291 F.3d 1297, 1302 (11th Cir. 2002) ("[Section] 3553 requires a court only to *consider* the Chapter Seven policy statements in determining a defendant's sentence.").

Chapter 7 of the Sentencing Guidelines governs sentences imposed upon the revocation of supervised release. If the defendant commits a Grade C violation of the terms of his supervised release (that is, a federal, state, or local offense punishable by one year of imprisonment or less, U.S.S.G. § 7B1.1(a)(3)), the defendant had a criminal history category of VI at the time of his original conviction, and the district court revokes the defendant's release as a result, the Guidelines range is 8 to 14 months' imprisonment. U.S.S.G. § 7B1.4(a). Where the defendant's original conviction was a Class C felony, the total sentence imposed upon revocation cannot exceed 2 years' imprisonment. 18 U.S.C. § 3583(e)(3). And this court has held that the aggregation of *all periods* of post-revocation imprisonment cannot exceed this statutory maximum. <u>United States v. Williams</u>, 425 F.3d 987, 989 (11th Cir. 2005).

On appeal, Baxter argues that the district court failed to state the Guidelines imprisonment range, and, therefore, this court cannot determine whether the district court accurately calculated the Guidelines range or whether the district court complied with its duty to consult and consider the Guidelines. To that end,

11

he contends that "the court compounded the problem by offering ambiguous comments regarding the guidelines" and making "contradictory assertions," requiring the parties "to guess whether or not the court followed its obligation to correctly calculate the sentencing guidelines range." Although he concedes that both his attorney and the Government stated that the Guidelines range was 8 to 14 months' imprisonment during the revocation hearing, he asserts that the district court was required to "explicitly" state its Guidelines calculation. We are unpersuaded.

Because the district court revoked Baxter's supervised release as a result of a Grade C violation, and Baxter had a criminal history category of VI at the time of his original bank robbery conviction, the resulting Guidelines range was 8 to 14 months' imprisonment. Because Baxter's bank robbery conviction was a Class C felony, the district court could not impose aggregate periods of post-revocation imprisonment exceeding 2 years (24 months). See 18 U.S.C. § 3583(e)(3); Williams, 425 F.3d at 989. Following the district court's first revocation of Baxter's supervised release in July 2006, the court imposed a sentence of 4 months' imprisonment. As a result, following the instant revocation, the district court could only impose a sentence of 20 months' imprisonment so as not to exceed the 2-year (24-month) statutory maximum provided under 18 U.S.C.

§ 3583(e)(3).  In this light, the district court's statement that 20 months' imprisonment was "the maximum sentence" it could impose "under the present sentencing guidelines" was in reference to the statutory maximum set forth in § 3583(e).

And although the district court never "explicitly" stated that Baxter's Guidelines imprisonment range was 8 to 14 months, the court's statement that "I don't think that the guideline range is adequate to address [Baxter's] situation" and its imposition of a sentence that exceeded that range demonstrate that, as required by Campbell, the court "consider[ed] the sentencing range established under the Guidelines[,]" Campbell, 473 F.3d at 1349 (internal quotation marks omitted). Thus, there is "some indication that the district court was aware of and considered the Guidelines" in imposing Baxter's sentence, which, under Campbell, is all that is required.  See id.

Furthermore, even if we were to conclude that the district court's statements were insufficient to demonstrate that it "considered" the Guidelines range, we nonetheless hold that such "error" was harmless, as Baxter has not shown that the "error" affected his substantial rights.  In sentencing Baxter to the statutory maximum of 20 months' imprisonment, the district court considered Baxter's history and characteristics and the need to protect the public (per § 3553(a)),

13

determined that the Guidelines range was inadequate, and concluded that the maximum sentence (pursuant to § 3583(e)) of 20 months' imprisonment was warranted. Specifically, the court considered (1) Baxter's repeated failures to comply with the conditions of his previous terms of supervised release; (2) his continued drug use; (3) his failure to report for drug testing; (4) his significant criminal history; (5) his commission of numerous violent offenses during probationary periods similar to supervised release; and (6) the resulting need to protect the community from Baxter's conduct. Nothing in the record evinces that either the district court's consideration of these factors or the sentence imposed in light of these factors was "invalid" or "unreasonable." See Sweeting, 437 F.3d at 1107. And it is clear from the record that regardless of the sentencing range suggested under the Guidelines, the district court still would have sentenced Baxter to the statutory maximum of 20 months' imprisonment. As such, Baxter has failed to demonstrate that the district court plainly erred in imposing the sentence.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM**.