[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 8, 2008
THOMAS K. KAHN
CLERK

No. 07-13712
Non-Argument Calendar

_____

D. C. Docket No. 06-00266-CR-T-27TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAVAR RAYMOND BAUGH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 8, 2008)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Lavar Baugh appeals the 14-month sentence, followed by 22 months'

supervised released, imposed upon revocation of his term of supervised release, pursuant to 18 U.S.C. § 3583(e). Baugh contends that the district court imposed an unreasonable sentence based on improper findings that he violated the conditions of his supervised release and inadequate consideration of the factors listed in 18 U.S.C. § 3553(a), as required by § 3583(e). For the following reasons, we affirm Baugh's sentence.

## I.

We review the district court's revocation of supervised release for an abuse of discretion. *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). We review the legality of a sentence imposed pursuant to a revocation of a term of supervised release, however, *de novo*. *United States v. Mitsven*, 452 F.3d 1264, 1265–66 (11th Cir.), *cert. denied*, 127 S. Ct. 663 (2006). Because Baugh was expressly given the opportunity to object to the sentence imposed or the manner in which it has been pronounced, and yet failed to do so, *see* R.57 at 102–03, he has waived those objections, and we review the issues underlying the ultimate sentence for plain error. *See United States v. Neely*, 979 F.2d 1522, 1523 (11th Cir. 1992) (per curiam) (determining that Neely waived objections to his sentence by failing to object at his sentencing hearing and reviewing those challenges, made for the first time on appeal, for plain error only). In order to find plain error, the defendant

must show that (1) an error occurred; (2) the error was plain; and (3) the error affected substantial rights. *See United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006) (per curiam). If all three elements are met, we may reverse for plain error only if "the error seriously affects the fairness, integrity, or public reputation of the judicial proceeding." *United States v. Hasson*, 333 F.3d 1264, 1276 (11th Cir. 2003).

We review the district court's ultimate sentence imposed upon revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006) (per curiam). A final sentence may be procedurally or substantively unreasonable. *Gall v. United States*, — U.S. —, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). A sentence may be procedurally unreasonable if the district court (1) improperly calculates the applicable Guidelines range; (2) treats the Guidelines as mandatory; (3) fails to consider the appropriate 18 U.S.C. § 3553(a) factors; (4) bases the sentence on clearly erroneous facts; or (5) fails to adequately explain the chosen sentence. *Id.* Our review for substantive reasonableness is limited to one question: "whether the District Judge abused his discretion in determining that the § 3553(a) factors supported [the] sentence." *Id.* at 600.

II.

The instant appeal stems from the third revocation of Baugh's supervised released since he was released from prison and transferred to the Middle District of Florida on July 12, 2006.[1] In its third petition seeking revocation of Baugh's supervised release, the Probation Office alleged that Baugh committed the following ten violations of the terms of his probation: (1) driving an automobile with a driver's license suspended "with a habitual traffic offender felony status"; (2) obstructing a police investigation by being untruthful when questioned by police; (3) failing to timely file required monthly reports with his probation officer; (4) submitting a report falsely asserting that he had not been arrested or questioned by law enforcement officers; (5) failing to sustain lawful occupation; (6) failing to notify his probation officer of a change in employment; (7) failing to submit to a

---

[1] In October 2006, Baugh admitted that he violated supervised release by engaging in new criminal conduct (driving a motor vehicle while under the influence of alcohol and a prescription drug); failing to timely notify his probation officer that he had quit his job; twice failing to submit to required urinalysis; and failing to participate in mandatory drug treatment. R.55 at 2–11. The court revoked Baugh's supervised release and sentenced Baugh to a new 30-month supervised release term with six months' home detention. R.15 at 2. The court also ordered Baugh to enroll in a GED program and to complete mental health and drug treatment counseling, stating its zero-tolerance policy for any positive drug test.

In December 2006, Baugh admitted that he violated supervised release by smoking marijuana and failing to submit to required urinalysis or adhere to the approved monitoring schedule for his home detention. R.56 at 3–11. The court again revoked Baugh's term of supervised release and sentenced Baugh to a 60-day term of imprisonment, followed by two years of supervised release, and ordered Baugh to enroll in a GED program and complete a residential drug treatment program, repeating its zero-tolerance policy for any positive drug test. *Id.* at 21–23.

required urinalysis on April 23, 2007; (8) failing to notify his probation officer that he had been arrested or questioned by a law enforcement officer; (9) failing to participate in drug treatment; (10) missing a required urinalysis on February 27, 2007. Baugh admitted to charges 4 and 8, and the district court found that the government proved charges 1, 2, 5, 6, and 7 by a preponderance of the evidence. The court again revoked Baugh's term of supervised release and imposed a 14-month sentenced followed by 22-months supervised release. On appeal, Baugh claims that the evidence was insufficient evidence to support the remaining violations, arguing that "his sentence was not reasonable and that the court did not look to available alternatives in modifying or revoking his supervised release." Brief for Appellant at 8–9.

After considering the factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7), a district court may revoke a term of supervised release and impose a sentence of imprisonment if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). The Guidelines classify violations of supervised release into three grades. U.S.S.G. § 7B1.1(a).[2] As relevant to this case, Grade B violations

---

[2] Because Baugh was sentenced on August 1, 2007, all citations to the sentencing commission guidelines, policy statements, commentary, and amendments thereto, are to United States Sentencing Commission, *Guidelines Manual* (2006), which was in effect on that date.

include conduct constituting any federal, state, or local offense punishable by a term of imprisonment exceeding one year. U.S.S.G. § 7B1.1(a)(2). Grade C violations include conduct constituting any federal, state, or local offense punishable by a term of imprisonment of one year or less and violation of any other condition of supervision. U.S.S.G. § 7B1.1(a)(3). If more than one violation is found, the most serious grade violation is used to calculate the advisory Guidelines range. U.S.S.G. § 7B1.1(b). Chapter 7 of the Sentencing Guidelines addresses violations of supervised release, contains policy statements, and sets forth a revocation table, which outlines terms of imprisonment upon revocation of supervised release. U.S.S.G. § 7B1.4. The table recommends a sentencing range of 8 to 14 months for a Grade B violation, where the defendant's criminal history is at Category III. U.S.S.G. § 7B1.4(a).

The parties do not dispute that Baugh has a Category III criminal history. Baugh admitted to charges 4 (submitting a report falsely asserting that he had not been arrested or questioned by law enforcement) and 8 (failing to notify his probation officer that he had been arrested or questioned by a law enforcement officer). The district court determined that the government proved by a preponderance of the evidence that Baugh committed violations 1 and 2 (relating to Baugh's arrest and charge for driving with a license suspended "with a habitual

traffic offender felony status" and obstructing a police investigation), finding the testimony of the Pinellas County Sheriff's Officers credible, and the testimony of Mrs. Baugh to be incredible. The district court also found that the government established by a preponderance violations 5 through 7 (relating to Baugh's failure to sustain lawful employment, notify his probation officer of change in his employment, and submit to required urinalysis).

Upon review, we discern no error in the district court's findings. Mrs. Baugh's testimony reveals numerous inherent inconsistencies. Moreover, Mrs. Baugh admitted at the hearing to lying to the officers when asked to identify her husband. The officers who arrested Baugh for driving with a suspended license testified that they witnessed Baugh leaving from the driver's side of the car, which was parked in front of a gas station convenience store, with the engine running and his wife sleeping in the passenger seat. Based on the testimony and evidence presented at the hearing, there was sufficient evidence to show violations 1 and 2 by a preponderance. The testimony from Baugh's probation officer, as well as the reports from the Probation Office, were also sufficient to establish violations 5 through 7 by a preponderance. Because violation 1 constitutes a Grade B violation, as defined by the Guidelines, the district court committed no procedural error in calculating Baugh's advisory Guidelines range of 8 to 14 months for a

7

Grade B violation and a Category III criminal history.

Nor do we find that the district court committed any other procedural error. We have held that a district court is not required to state that it has explicitly considered each of the § 3553 factors or to discuss each factor. *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir.), *cert. denied*, 128 S. Ct. 427 (2007). Rather, we have held that the district court's explicit acknowledgment that it has considered the § 3553 factors and the defendant's arguments will suffice. *United States v. Scott*, 426 F.3d 1324, 1329–30 (11th Cir. 2005). Here, the record reflects that the court did not treat the Guidelines as mandatory nor base its sentence on clearly erroneous facts. The court considered Baugh's arguments and the § 3553(a) factors and explained the bases for its sentence. The record reflects that the court was concerned that this was Baugh's third revocation hearing in the last seven months, and that despite the court's repeated instructions, Baugh failed to complete the required GED and substance-abuse programs, tested positive for drug use, failed to follow the provisions of his supervised release, and engaged in criminal activity.

Based on the record, we do not find that the district court abused its discretion in determining Baugh's sentence. Although we do not apply a presumption of reasonableness to sentences within the advisory Guidelines range,

8

*United States v. Hunt*, 459 F.3d 1180, 1185 (11th Cir. 2006), we ordinarily will expect such sentences to be reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). "[W]e recognize that there is a range of reasonable sentences from which the district court may choose," and thus, our deferential reasonableness review focuses on "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *Id.* The party challenging the sentence bears the burden of establishing that his sentence is unreasonable in light of both the record and § 3553(a) factors. *Id.*

We do not find Baugh's sentence to be substantively unreasonable. In fixing the sentence upon revocation of supervised release, the district court was required to consider (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the need for a sentence that will "afford adequate deterrence to criminal conduct; . . . protect the public from further crimes of the defendant; and . . . provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment"; (3) the applicable Guidelines categories or Sentencing Commission policy statements; (4) the need to avoid unwarranted sentencing disparities; and (5) the need to provide restitution to any victims. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7); *see also* 18 U.S.C. § 3583(e). Contrary to Baugh's

9

contention, his violations of his supervised release were not insubstantial.  In light of the record, the district court did not abuse its discretion in finding that a sentence at the high end of the advisory Guidelines range, followed by 22-months supervised release would best serve the relevant § 3553(a) factors.

AFFIRMED.