[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12513
Non-Argument Calendar

_____

D.C. Docket No. 9:11-cr-80106-KAM-20

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AMAURY TOMAS CONTINO,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(May 5, 2015)

Before TJOFLAT, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Amaury Tomas Contino appeals his 58-month sentence, which the district court imposed after he pled guilty to conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, and mail fraud, in violation of 18 U.S.C. § 1341.  Mr. Contino argues that the district court: (1) failed to verify adequately whether he and his attorney read and discussed the presentence investigation report ("PSR"), (2) failed to inform him fully of his right to allocution, (3) failed to elicit objections to its conclusions of law, and (4) failed to sufficiently explain its reasoning for the sentence it imposed.  For the reasons that follow, and after careful review, we affirm.

I.

On August 21, 2013, a federal grand jury returned a 170-count indictment charging Mr. Contino and 12 co-defendants with one-count of conspiracy to commit mail fraud, and Mr. Contino with several counts of substantive mail fraud. Mr. Contino pled guilty to the conspiracy count and six substantive mail fraud counts.[1]  The probation office prepared the PSR, calculating a base offense level of seven, pursuant to U.S.S.G. § 2B1.1(a)(1).  The base offense level was increased by 18 levels, pursuant to § 2B1.1(b)(1)(J), because the loss was more than $2,500,000 but less than $7,000,000.  The probation office applied a two-level

---

[1] Mr. Contino signed a factual proffer providing that he served as a recruiter for staged accidents in connection with an insurance fraud scheme exploiting Florida's no-fault insurance law.

2

increase, pursuant to § 2B1.1(b)(2)(A)(i), because there were more than 10 but fewer than 50 victims.  It also applied a two-level increase, pursuant to § 2B1.1(b)(10)(C), because the offense involved sophisticated means.  It then applied a three-level reduction, pursuant to § 3E1.1(a), (b), for acceptance of responsibility.  With a total offense level of 26 and a criminal history category of III, the PSR set Mr. Contino's guideline range at 78 to 97 months' imprisonment, with all counts to run concurrently.  At sentencing, the government requested a 58-month sentence, and Mr. Contino requested a downward variance.  The district court, after stating that it had considered the parties' arguments, the PSR, and the sentencing factors set forth in 18 U.S.C. § 3553(a), imposed a 58-month sentence for all counts, followed by concurrent terms of two years' supervised release.[2] This appeal followed.

## II.

We review sentencing arguments raised for the first time on appeal for plain error.  *United States v. Bonilla*, 579 F.3d 1233, 1238 (11th Cir. 2009).  Under plain error review, this Court will reverse only if "(1) an error occurred, (2) the error was plain, (3) the error affected substantial rights in that it was prejudicial and not harmless, and (4) the error seriously affected the fairness, integrity, or public reputation of a judicial proceeding."  *United States v. Perez*, 661 F.3d 568, 583

---

[2] The court also ordered Mr. Contino to pay $2,752,058.41 in restitution jointly and severally with other defendants and a $700 special assessment.

(11th Cir. 2011) (per curiam).  We review the question of whether a district court complied with 18 U.S.C. § 3553(c) *de novo*, even where the defendant did not object below.  *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006).

### III.

Mr. Contino first challenges the district court's failure to verify adequately whether he and his attorney had read and discussed the PSR.  Federal Rule of Criminal Procedure 32(i)(1)(A) provides that at sentencing, the court "must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report . . . ."  Mr. Contino argues that the exact words "read" and "discuss" must be used in the court's inquiry, but this Court has rejected such a literal reading of the rule.  *See United States v. Aleman*, 832 F.2d 142, 144 n.6 (11th Cir. 1987) (concluding that the district court's question, "are there any problems with the presentence report?" was sufficient).[3]  In *Aleman*, we stressed that Rule 32 does not require a sentencing court to pose

---

[3] *Aleman* addressed an earlier version of Rule 32(i)(1)(A), Rule 32(c)(3)(A), which provided that the district court shall "determine that the defendant and the defendant's counsel have had the opportunity to read and discuss the presentence investigation report . . . ."  The current version of the Rule requires that the court verify that the defendant and defendant's counsel actually have read and reviewed the PSR, rather than that they have had the opportunity to do.  However, both versions use the terms "read" and "discuss," upon which Mr. Contino's argument is based.

specific questions, such as "whether defendant and counsel have read the report, whether they have discussed it, [and] whether there are any mistakes." *Id.*[4]

Here, the district court first asked whether "both sides reviewed the presentence investigation report." Tr. of Sentencing Proceedings 2, Mar. 23, 2014, ECF No. 1537. The court then inquired, "[H]as the Defendant reviewed [the PSR] with counsel?" *Id.* Defense counsel replied, "Yes, Your Honor." *Id.* The court confirmed that "[t]here are no guideline issues but a request for a variance; am I correct?" to which defense counsel answered, "That's correct." *Id.* at 2-3. The district court adequately verified that Mr. Contino had read and discussed the PSR with counsel. *See Aleman*, 832 F.2d at 144. We see no error, plain or otherwise.

## IV.

Mr. Contino also argues for the first time on appeal that the district court erred by failing to explain further and inform him of his right to allocution. The right of allocution provides a defendant with the opportunity personally to ask the court for leniency. *Perez*, 661 F.3d at 583. Before imposing a sentence, the court must address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence. Fed. R. Crim. P. 32(i)(4)(A)(ii); *Perez*, 661 F.3d at 583. The court is not required to follow a specific script; our

---

[4] Although our unpublished opinions have no precedential value, we note that a number of unpublished opinions also hold that Rule 32 does not require the sentencing court to pose specific questions. *See, e.g.*, *United States v. Dorado*, 554 F. App'x 825, 827 (11th Cir. 2014) (concluding that the district court's question, whether the parties "received and reviewed the PSI," was sufficient).

inquiry is limited to "whether the district court's colloquy with the defendant is the 'functional equivalent' of what Rule 32(i)(4)(A)(ii) prescribes." *Id.* at 585. A defendant's right of allocution is satisfied if the court ensures the defendant knows of his or her right to speak or present information that might convince the court to impose a favorable sentence. *Id.* "[T]he record must demonstrate that the court, the prosecutor, and the defendant must at the very least have interacted in a manner that shows clearly and convincingly that the defendant *knew* he had a right to speak on any subject of his choosing prior to the imposition of sentence." *Id.* (internal quotation marks omitted).

We conclude that the district court adequately provided Mr. Contino the opportunity to allocate. The court, addressing Mr. Contino personally, asked, "Mr. Contino, did you wish to say anything?" Tr. of Sentencing Proceedings 8. When no verbal response was recorded, the court confirmed that Mr. Contino said "no," and the court then asked defense counsel, "Do you have anything else?" *Id.* Counsel replied that he did not. *Id.* This colloquy demonstrates that the district court personally addressed Mr. Contino and provided him with the opportunity to speak or present any other information. On this record, we find no error. *See Perez*, 661 F.3d at 585.

6

V.

Mr. Contino next argues that the district court failed to elicit counsel's objections after it imposed his sentence because the court did not specifically elicit objections to its conclusions of law.  We have made clear that, after the district court states its factual findings, applies the guidelines, and imposes its sentence, the court must "elicit fully articulated objections . . . to the court's ultimate findings of fact and conclusions of law."  *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir. 1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (*en banc*).  But *Jones* does not require the court to ask a party specifically whether he objects to the court's "ultimate findings of facts and conclusions of law."  *See United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007).  Asking the parties "whether they ha[ve] any objection to the sentence or the manner in which the sentence was pronounced" is sufficient.  *United States v. Neely*, 979 F.2d 1522, 1523 (11th Cir. 1992).[5]

Here, the district court asked, "[N]ow that [his] sentence has been imposed, does the Defendant or his counsel object to the Court's findings of fact or the manner in which sentence was pronounced?"  Tr. of Sentencing Proceedings 11-12.  The court's inquiry, extremely similar to the question the district court posed

---

[5] We note in contrast that where a district court asked only if there was "anything else," we concluded the court failed to meet the *Jones* requirements.  *United States v. Holloway*, 971 F.2d 675 (11th Cir. 1992).

in *Neely*, was sufficient to satisfy *Jones*.  979 F.2d at 1523.  Contrary to Mr.

Contino's argument, the district court was not required to elicit objections to its

conclusions of law specifically.  *See id.*

## VI.

Finally, Mr. Contino argues that the district court failed to explain

sufficiently the reasons for his imposed total sentence because the court did not

detail its individualized findings as required by 18 U.S.C. § 3553(c).  In all cases,

the district court must impose a sentence "sufficient, but not greater than

necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2).  18

U.S.C. § 3553(a); *see also United States v. Scott*, 426 F.3d 1324, 1328-29 (11th

Cir. 2005).  The district court must state, in open court, the reasons for its

imposition of the particular sentence, but it is not required to "state on the record

that it has explicitly considered each of the § 3553(a) factors or to discuss each of

the § 3553(a) factors."  *Id.* at 1329; *see* 18 U.S.C. § 3553(c).  The weight given to a

specific § 3553(a) factor is committed to the sound discretion of the district court.

*United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  We overturn a sentence

deviating from the guideline range only if it is unreasonable.  *United States v.*

*Delvecchio*, 920 F.2d 810, 813 (11th Cir. 1991).

Additionally, where the district court imposes a sentence outside the

guideline range, the court must also state "the specific reason for the imposition of

8

a sentence different from" a guideline range sentence and state that reason with specificity in a statement of reasons form.  18 U.S.C. § 3553(c)(2).[6]  "[W]hen a sentencing judge attempts to justify a departure from the guidelines under § 3553(c)(2), she must not only explain why a particular sentence was imposed, but also must identify the *exact* circumstance or circumstances that warrant departure which were not adequately considered by the Sentencing Commission." *United States v. Veteto*, 920 F.2d 823, 827 n.4 (11th Cir. 1991) (internal quotations omitted).  The district court must provide reasons that are "sufficiently specific so that an appellate court can engage in the meaningful review envisioned by the Sentencing Guidelines."  *United States v. Suarez*, 939 F.2d 929, 933 (11th Cir. 1991).  We may consider the record from the entire sentencing hearing, not just the summary statement made at the end of the hearing.  *Id.* at 934.  In reviewing the court's stated reasons for the variance, we have looked to facts within the PSR. *See United States v. Harris*, 990 F.2d 594, 597 (11th Cir. 1993).

At Mr. Contino's sentencing, the district court expressly stated that it considered the parties' statements, the PSR (containing the advisory guideline range), and the statutory factors set forth in 18 U.S.C. § 3553(a)(1)-(7).  Tr. of Sentencing Proceedings at 8.  With no objection from Mr. Contino, the court adopted the PSR, which contained individualized facts regarding Mr. Contino's

---

[6] Because the imposed sentence of 58 months was a downward variance from the guideline range, § 3553(c)(2) applies.

participation in the scheme.  The court stated that it would vary below the guideline range based on the history of the case, and in doing so, it adopted the government's recommendation.  *Id.*  The government suggested that the court sentence Mr. Contino below the guideline range because "the offense characteristics [] are characteristics particular to the offense, not Mr. Contino," and, along with his criminal history category, "basically overstate his limited participation, because it is limited."  *Id.* at 4.  The record demonstrates that the court accepted the government's reasoning that Mr. Contino should receive the same total sentence as a co-defendant who had played a similar, lesser role in the scheme.  *Id.* at 7, 8.  The government further stated that Mr. Contino had no arrests since 2009 and that he took responsibility for his actions.  *Id.* at 5-6.  While Mr. Contino appears to argue that he should have received a greater downward variance, the record shows that the district court accepted the government's recommendation as "very reasonable and appropriate" and sentenced Mr. Contino consistent with that recommendation.  *Id.*

The district court also specified its reasons for the downward variance in a Statement of Reasons form.  On the form, the court indicated that its reasons for sentencing outside the guidelines range were (1) "the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)" and (2) "to avoid unwarranted sentencing disparities

10

among defendants (18 U.S.C. § 3553(a)(6)).” The court also stated on the form that the sentence was imposed pursuant to the government's motion for a sentence outside the applicable guideline range. On this record, we conclude that the district court sufficiently explained its reasons for the sentence it imposed, including the variance.

## VII.

For the reasons set forth above, we affirm.

**AFFIRMED.**