[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14943
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00274-SDM-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ISAAC CORTES BLANDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 19, 2018)

Before ED CARNES, Chief Judge, JORDAN, and HULL, Circuit Judges.

PER CURIAM:

Jorge Isaac Cortes Blandon pleaded guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine aboard a vessel subject to United States jurisdiction, in violation of 46 U.S.C. § 70506(a), (b) and 21 U.S.C. § 960(b)(1)(B)(ii). His guidelines range was 135 months to 168 months imprisonment, and the district court sentenced him to 135 months. Cortes appeals that sentence, contending that the district court erred in rejecting his request for a minor role reduction.

We do not address that contention because Cortes' plea agreement contained a valid sentence appeal waiver which he knowingly and voluntarily entered into.[1] See Buchanan, 131 F.3d at 1008 ("[W]here it is clear from the plea agreement and

---

[1] The government did not file a separate motion to dismiss this appeal based on the sentence appeal waiver and instead raised the issue in its response brief. See United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997) ("When a defendant attempts to appeal a sentence in the face of an appeal waiver, the government may file a motion to dismiss the appeal based upon the waiver."). Cortes does not argue in his reply brief that the government may not raise the sentence appeal waiver at this stage, and any such argument would be meritless. See id. at 1008–09 ("Motions to dismiss based upon sentence appeal waivers should be decided at the earliest stage in the process at which it is feasible to do so . . . . Where the appeal is due to be dismissed, sooner is better than later.").

Cortes also argues that the district court erred by failing to "elicit[ ] fully articulated objections following the imposition of a sentence," in violation of our decision in United States v. Jones, 899 F.2d 1097, 1103 (11th Cir. 1990), overruled on other grounds by United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993) (en banc). The government does not assert that the sentence appeal waiver bars consideration of that issue, so we address it on the merits. Cf. Burgess v. United States, 874 F.3d 1292, 1297, 1299, 1301 (11th Cir. 2017) (concluding that the "government's response to a § 2255 motion must expressly invoke a collateral-action waiver," otherwise "the government may be deemed to have forfeited that defense"). That argument fails because the district court clearly asked for objections after imposing the sentence. See United States v. Neely, 979 F.2d 1522, 1523 (11th Cir. 1992) ("After pronouncing [the defendant's] sentence, the district court followed our instructions in [Jones], and asked the parties whether they had any objection to the sentence or the manner in which the sentence was pronounced.") (quotation marks omitted).

the Rule 11 colloquy, or from some other part of the record, that the defendant

knowingly and voluntarily entered into a sentence appeal waiver, that waiver

should be enforced . . . .").  Cortes' plea agreement contained the following

sentence appeal waiver:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Cortes agreed to allow a magistrate judge to conduct the Rule 11 colloquy,

and the judge engaged in the following exchange with him about his sentence

appeal waiver:

> The Court:  [I]n your plea agreement[ ] there's another significant provision that limits your rights to take an appeal in this case . . . .  This provision says that there are three claims that you can make on a direct appeal and only three claims.
>
> Now, a direct appeal is one that you would take right after your sentencing.  On that appeal your plea agreement would allow you to complain, first, that your sentence was unlawful, an unlawful sentence being one that's for more than the law allows.  This language would allow you to complain if on your sentencing day the Judge calculated your guidelines at

3

a particular level but thought you needed more punishment and the Judge sentenced you in a higher range, you could appeal that higher sentence, and then if there was a violation of the Eighth Amendment to our Constitution, which bars cruel and unusual punishment, you could appeal that as well, otherwise you give up any rights to an appeal by way of direct appeal.

The significance of this language is that if your sentence is lawful and it is within the Judge's calculated range, it doesn't violate the Eighth Amendment, you're stuck with it, you cannot appeal it, even if it turns out to be harsher than you anticipated. Do . . . you understand this limitation?

Cortes:    Yes, sir.

Cortes also confirmed that he was pleading guilty freely and voluntarily, that he had not been assured of a particular sentence, and that he was satisfied with his attorney's representation.  The district court ultimately accepted Cortes' guilty plea.

Cortes' exchange with the magistrate judge establishes that he understood his sentence appeal waiver and that he knowingly and voluntarily entered into it. See id. ("[T]he district court, through the magistrate judge who was conducting the Rule 11 colloquy, did explain the appeal waiver to the defendant and questioned him concerning it.  That colloquy establishes that the defendant understood the nature and extent of the appeal waiver and agreed to it.  Thus, the sentence waiver was knowingly and voluntarily entered [into] . . . .").  Cortes argues that the court's failure to give him a minor role reduction amounted to an upward variance beyond his applicable guidelines range, which qualifies as an exception to the sentence

4

appeal waiver, but that argument is abandoned because he provides no support for it.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").  In any event, the sentence appeal waiver specified that the exception for an above-guidelines sentence applied only if Cortes' sentence exceeded his "applicable guidelines range as determined by the Court."  The court determined that Cortes' guidelines range was 135 months to 168 months and sentenced him to 135 months, so his argument fails.

**AFFIRMED IN PART, DISMISSED IN PART.**