UNITED STATES of America,
Plaintiff-Appellee,

v.

Pullarao PENTAPATI, Defendant-
Appellant.

No. 73-1779

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 5, 1973.

Melvyn Kessler, Miami, Fla., for de-
fendant-appellant.

Robert W. Rust, U. S. Atty., Lawrance
B. Craig, III, Asst. U. S. Atty., Miami,
Fla., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG
and RONEY, Circuit Judges.

PER CURIAM:

Defendant appeals from his conviction
on a two count indictment charging him
with knowingly and intentionally (1) im-
porting sixty-six grams of cocaine into
the United States in violation of 21
U.S.C. § 952(a), and (2) possessing that
controlled narcotic with intent to dis-
tribute, in violation of 21 U.S.C. § 841
(a)(1). Defendant argues that, as a
purely foreign trafficker in narcotics, he
is outside the intended ambit of these
provisions of the federal narcotic control
laws. Finding that the facts of this case
do not support defendant's elaborate le-
gal construction, we affirm.

This case was tried to the
court largely on the basis of stipulated
facts. The Government, defendant, and
defendant's counsel agreed, *inter alia,*
that defendant arrived in Miami, Florida
from Bogota, Colombia on December 25,
1972; and that, at the time he disem-
barked, defendant knowingly and inten-
tionally possessed sixty-six grams of co-
caine. Defendant attacks his conviction
for narcotics importation under 21

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5
Cir. 1970, 431 F.2d 409, Part I.

U.S.C. § 952(a) on the ground that he was merely an international in-transit passenger and could not, therefore, "import" any substance into the United States within the meaning of the statute. This argument is utterly without support in the facts. We are not faced here with the case of the true in-transit passenger who is never brought under the control of the customs authorities. It has been stipulated that defendant left a plane in Miami and, *while going through customs,* was subjected to a lawful search which netted cocaine. Defendant's allegation of his *intention* to depart the United States immediately, even if incontrovertibly established[1], is of no consequence. The statute looks to the *fact* of bringing a controlled narcotic within the territorial jurisdiction of the United States, and not to the alleged importer's subsequent plans. *See* Daut v. United States, 9 Cir., 1968, 405 F.2d 312, cert. denied, 402 U.S. 945, 91 S.Ct. 1624, 29 L.Ed.2d 114; Pineda v. United States, 5 Cir., 1968, 393 F.2d 139, cert. denied, 392 U.S. 943, 88 S.Ct. 2327, 20 L.Ed.2d 1405; United States v. Morello, 2 Cir., 1957, 250 F.2d 631.

 On the second count, charging possession of a narcotic with intent to distribute in violation of 21 U.S.C. § 841 (a)(1), defendant contends that the Government has presented no evidence of an intent to distribute the cocaine within the United States. It is far from clear on the basis of the statute that § 841(a) (1) is meant to reach only the case of an individual who possesses a controlled narcotic in the United States and intends to distribute it here also. However, we need not decide that question of interpretation. This case was argued to the district court on the theory that the statute required an intent to distribute in this country, and the trial judge specifically found an intention to distribute. There is ample evidence to support such a finding.

There was evidence showing that when defendant landed in Miami on December 25 he had in his possession two airline tickets. One booked an open passage to London; the other ticket was dated for that day to Chicago, Illinois. A customs agent testified that defendant had indicated to her that he was planning to fly to Chicago before travelling to London and that the sixty-six grams of cocaine were not for his personal consumption, but were intended to be used as samples in setting up a subsequent sale. The trial court was not required to believe defendant's further contention that he had intended to keep the samples inviolate awaiting a European connection. Consequently, even granting that 21 U.S.C. § 841(a) (1) requires proof of intended American distribution, a matter on which we indicate no opinion, defendant's conviction on this count withstands attack.

Affirmed.

---

1. There was substantial evidence indicating that defendant intended a sojourn of some distance within the United States despite his contention to the contrary, for at the time of his arrest defendant had in his possession an airline ticket to Chicago, Illinois.