**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Luis Alonso MONTOYA,**
**Defendant-Appellant.**

No. 85–5599
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 27, 1986.

Donald L. Graham, Raskin & Graham, P.A., Miami, Fla., for defendant-appellant.

Lee E. Stapleton, David O. Leiwant, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Luis Alonso Montoya was apprehended by customs agents while passing through Miami International Airport on his way to Canada. After a search of his luggage turned up 2.35 kilos of 88 percent pure cocaine and 258 grams of liquid cocaine, Montoya was charged with and eventually convicted of importing cocaine into the United States in violation of 21 U.S.C. § 952(a) and 960(a)(1) and possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On appeal to this court Montoya advances four contentions: (1) that the proof did not show that he intended to distribute the cocaine in the United States, (2) that the prosecutor referred to inadmissible evidence during closing argument, and (3) and (4) that the evidence was insufficient with respect to each of the two counts. We reject all four contentions and thus affirm.

Montoya first presents an issue that apparently has not been resolved in this circuit: [1] to prove Count 2, possession with intent to distribute cocaine, must the government prove that the intended distribution was to be in the United States? Montoya contends, and for purposes of argument the government tacitly concedes, that the proof showed that he intended to distribute the cocaine in Canada, his destination.

The facts here are not significantly different from those in *United States v. Muench*, 694 F.2d 28 (2d Cir.1982). In that case the defendants stopped off at Kennedy Airport in New York en route from Bolivia to West Germany bearing about 20 pounds of cocaine. They argued that the intent required by § 841(a)(1) is an intent to distribute narcotics within the United States and that the section was inapplicable because they intended distribution in a foreign country. The second circuit rejected the argument, finding that it was "not supported by statute, precedent or common sense." 694 F.2d at 31. The court concluded that

> [t]he actual possession on United States territory supplies the jurisdictional nexus and obviates the need for proof of intent to distribute within the United States. The Ninth Circuit has recently held that possession of contraband in the United States with intent to distribute in another country is subject to § 841(a)(1). *United States v. Gomez-Tostado*, 597 F.2d 170 (9th Cir.1979). *Accord, United States v. Madalone*, 492 F.Supp. 916, 920 (S.D.Fla. 1980). This conclusion is clearly consistent with the Congressional intent and policy considerations discussed above.

*Id.* at 33 (footnote omitted). This construction of § 841(a)(1) is squarely in accord with the cited ninth circuit opinion, *United States v. Gomez-Tostado*. That court rejected a contention identical to the one now made by Montoya, holding that Congress had conveyed its purpose clearly and that it would not manufacture ambiguity where none exists. The district court decision cited in *Muench*, *United States v. Madalone*, rejected the same contention.

■ We conclude that these prior decisions correctly applied § 841(a)(1) and that Montoya's contention that the statute is inapplicable is without merit. He was indisputably present in the United States possessing a quantity of cocaine large enough for the jury to infer an intention to distribute it. We hold that to be sufficient to establish guilt under § 841(a)(1).

*United States v. Pentapati*, 484 F.2d 450, 451 (5th Cir.1973).

---

1. The question was recognized but not decided in at least two fifth circuit opinions. *United States v. Sindin*, 620 F.2d 87, 90 (5th Cir.1980);

Montoya next argues that the prosecutor made an improper remark during closing argument. He first raised the point at the conclusion of the government's argument when he moved for mistrial. After some discussion between court and counsel, during which the court indicated that the motion was being seriously considered, there was a recess to provide Montoya and his attorney an opportunity to confer. After the recess Montoya withdrew his motion for mistrial. By withdrawing the motion Montoya failed to preserve his objection to the remark, and the record does not reveal any exceptional circumstances requiring us to consider Montoya's contention despite the absence of a timely objection. There is, therefore, nothing for this court to review. We would certainly not countenance the practice of "sandbagging" the district court by withdrawing a motion for mistrial, after consideration and consultation between attorney and client, and then arguing on appeal that reversible error resulted from the court's failure to declare a mistrial.

Montoya's third and fourth contentions do not require extended discussion. They rely primarily on Montoya's own explanation of his possession of the cocaine. Montoya claimed that he did not know of the cocaine's presence, suggesting that friends had put the cocaine in his luggage before he left Colombia for Canada. The jury was free to reject Montoya's story, and it apparently did so.

AFFIRMED.