[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-15647
Non-Argument Calendar
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 27, 2005

D.C. Docket No. 04-14038-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEBRA SUE WYNKOOP,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(June 27, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Debra Sue Wynkoop appeals her 87-month sentence for possession with intent to distribute at least 35 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). She argues, in light of Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), which was extended to the federal sentencing guidelines in United States v. Booker, 543 U.S. __, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), that the district court erred in sentencing her based on possession with intent to distribute actual methamphetamine, a fact neither charged in the indictment nor found by a jury beyond a reasonable doubt. As a preliminary matter, she asserts that because the district court forced her to choose between maintaining her guilty plea and maintaining her sentencing objections based on Blakely, the withdrawal, and therefore waiver, of her sentencing objections was invalid and involuntary. She argues that it is constitutional error to force a defendant to choose between her constitutional rights, and it was a denial of due process for the court to force her to choose between vacating her plea or maintaining her objections.

A defendant does not have a constitutional right or a right under Rule 11 to have his or her guilty plea accepted by the court. United States v. Gomez-Gomez, 822 F.2d 1008, 1010 (11th Cir. 1987). When a defendant makes an assertion that would negate his guilt, a district court, even after accepting a guilty plea, may refuse to enter judgment upon that plea. Id. at 1011.

2

Generally, withdrawal of an objection is tantamount to a waiver of an issue for appeal. See United States v. Montoya, 782 F.2d 1554, 1556 (11th Cir. 1986) (holding that the defendant failed to preserve his objection since he withdrew his motion for mistrial, and there was no exceptional circumstances requiring the court to consider the alleged error).

We review waived objections for plain error. United States v. Neely, 979 F.2d 1522, 1523 (11th Cir. 1992); see also United States v. Burge, __ F.3d __, No. 04-13468 at *17 (11th Cir. May 2, 2005) (reviewing for plain error abandoned Blakely argument). An appellate court may not correct an error the defendant failed to raise in the district court unless there is: "'(1) error, (2) that is plain, and (3) that affects substantial rights.'" Rodriguez, 398 F.3d at 1298 (quoting United States v. Cotton, 535 U.S. 625, 631, 122 S.Ct. 1781, 1785 (2002)). "'If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting Cotton, 535 U.S. at 631, 122 S.Ct. at 1785).

In United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), we first addressed plain error review under Booker. In that case, we found that while the defendant could meet the first two prongs of the plain error test, he could not meet

3

the third prong because he could not show an error that affected his substantial rights. Id. at 1300. We stated that Booker error is the mandatory, as opposed to advisory, application of the Guidelines. Id. at 1299. We concluded that the defendant bears the burden of persuasion with respect to prejudice, and that he cannot survive plain error analysis unless he can show "there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." Id. at 1301.

At her change of plea hearing, Wynkoop argued that she did not believe that the indictment charged her with possessing "actual" methamphetamine, as opposed to a mixture. She had initially been indicted for possession of over 50 grams of "a mixture or substance containing a detectable amount of methamphetamine"; the Government, however, issued a superceding indictment that charged her with possession of at least 35 grams of methamphetamine. The trial court rejected her argument that the indictment did not charge her with possession of actual methamphetamine, and told her at that hearing that she was free to challenge that interpretation if she went to trial but that it would not accept her plea if she continued to assert her own interpretation of what the indictment charged. Wynkoop agreed and pleaded guilty. However, she cast her argument as a sentencing objection at her sentencing hearing, and again the district court told

her that she could withdraw the objection or withdraw her plea and go to trial. At sentencing, she called it a <u>Blakely</u> argument, but it was the same argument that the indictment did not specify "actual" methamphetamine, the substance upon which her sentencing range was calculated in the PSI. In short, Wynkoop attempted to amend the indictment through her objections, and the court stated that it would not permit this both at the change of plea hearing and again at the sentencing hearing. This does not constitute error.

Because Wynkoop knowingly and voluntarily withdrew her objection, she waived her <u>Blakely</u> argument. And, Wynkoop is not entitled to relief under plain error review because she cannot show that the district court would have sentenced her any differently. <u>See</u> <u>Rodriguez</u>, 398 F.3d at 1301 (holding that defendant failed to satisfy plain error analysis since he could not show that <u>Booker</u> error affected the outcome of his sentencing). Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1] Appellant's request for oral argument is denied.