**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2005
THOMAS K. KAHN
CLERK

_____

**No. 05-10500**
**Non-Argument Calendar**

_____

D. C. Docket No. 04-20203-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONE DEWELL BROWN,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Southern District of Florida**

_____

**(November 29, 2005)**

Before BLACK, BARKETT and HULL, Circuit Judges.

**PER CURIAM:**

Antone Dewell Brown appeals his conviction and 60-month sentence for

possession with intent to distribute 500 grams or more of cocaine, in violation of

21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii).  After review, we affirm Brown's

conviction and dismiss his appeal of his sentence.

## I. BACKGROUND FACTS

Brown pled guilty pursuant to a written plea agreement.  His plea agreement

contained a sentence appeal waiver, providing that Brown waived his right to

appeal "any sentence imposed . . . or to appeal the manner in which the sentence

was imposed, unless the sentence exceeds the maximum permitted by statute or is

the result of an upward departure from the guideline range . . . ."  His appeal

waiver also stated that Brown waived claims that the Sentencing Guidelines were

unconstitutional or that facts found by the sentencing court were not admitted by

him or found by the jury, as follows:

> This appeal waiver includes a waiver of the right to appeal the
> sentence on the ground that the sentencing guidelines are in any
> respect unconstitutional, or on the grounds that any fact found by the
> Court at sentencing was not alleged in the indictment, admitted by the
> defendant, found by a jury, or found beyond a reasonable doubt.

Prior to sentencing, Brown filed a pro se motion to withdraw his guilty plea,

asserting that his counsel was ineffective.  At the sentencing hearing, however,

Brown consulted with his counsel and then indicated that he wished to withdraw

his motion to withdraw his plea and proceed with sentencing, specifically stating:

"I withdraw the motion."  After being sentenced, Brown filed a pro se motion for

2

reconsideration of his motion to withdraw his guilty plea, asserting that he had been very nervous during the sentencing hearing and had not intended to withdraw his motion. The district court summarily denied Brown's motion for reconsideration. Brown then filed this appeal.

## II. DISCUSSION

### A. Guilty Plea

On appeal, Brown argues that the district court erred in denying his motion to withdraw his guilty plea. The district court did not deny Brown's motion to withdraw his guilty plea. Rather, after discussion with the court and consultation with counsel, Brown voluntarily withdrew his motion and opted to proceed with sentencing. Because the district court did not rule on Brown's withdrawn motion, there is no ruling for this Court to review.[1] See United States v. Montoya, 782 F.2d 1554, 1556 (11th Cir. 1986) (holding that, absent exceptional circumstances, defendant's withdrawal of motion for mistrial leaves "nothing for this court to review," and noting that this court would not "countenance the practice of 'sandbagging' the district court" by withdrawing the motion after consultation with

---

[1] For the same reason, the district court had no ruling to reconsider. Therefore, the district court did not err in denying Brown's motion for reconsideration. Even if Brown's motion for reconsideration is construed as a renewed motion to withdraw his guilty plea, the district court properly denied the post-sentence motion because Rule 11 prohibits a defendant from withdrawing a guilty plea after a sentencing. See Fed. R. Crim. P. 11(e) ("After the court imposes sentence, the defendant may not withdraw a plea of guilty . . ., and the plea may be set aside only on direct appeal or collateral attack.").

3

counsel and then arguing on appeal reversible error for failing to grant the motion); see also United States v. Olano, 507 U.S. 725, 733-34 (1993) (explaining that in criminal cases plain error review under Rule 52(b) extends to forfeited errors, in which the defendant fails to make a timely objection, but not to waived errors, in which the defendant intentionally relinquishes or abandons a known right); United States v. Masters, 118 F.3d 1524, 1526 (11th Cir. 1997) (holding that defendant waived objection at sentencing to upward departure when he stated that he wanted to withdraw the objection and proceed with sentencing and refusing to conduct plain error review).

### B. Sentence

Brown also argues that at sentencing he was entitled to either a minor role reduction or safety-valve reduction. In addition he argues that his case should be remanded for resentencing under United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005). In his written plea agreement, Brown waived his right to appeal his sentence unless the sentence exceeded the statutory maximum or was the result of an upward departure. In addition, the sentence appeal waiver expressly precluded Brown from raising claims that the Sentencing Guidelines were unconstitutional or that facts found by the sentencing court were not admitted by him or found by a jury.

4

Appeal waivers are generally enforceable when they are knowingly and voluntarily entered.  See United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997).  We review do novo the knowing and voluntary nature of the waiver. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993).  We will enforce a sentence appeal waiver provision contained in a plea agreement if the government demonstrates either that (1) the district court questioned the defendant about the waiver during the plea colloquy, or (2) "it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."  Id. at 1351.  In addition, we have held that "the right to appeal a sentence based on Apprendi/Booker grounds can be waived in a plea agreement," and "[b]road waiver language covers those grounds of appeal."  United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005), cert. denied, 73 U.S.L.W. 3734 (U.S. Oct 11, 2005) (No. 04-1663).

The record reveals that the district court specifically questioned Brown about the sentence appeal waiver during the plea colloquy.  Brown acknowledged that he understood that he was relinquishing his right to appeal his sentence except under limited circumstances.  Brown also acknowledged that he had discussed with his attorney the then-recent Supreme Court decision in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and that he understood he was giving up his right

5

to challenge his sentence based on a <u>Blakely</u> argument. Accordingly, Brown's sentence appeal waiver is enforceable and valid. Because Brown knowingly and voluntarily waived his right to appeal his sentence on the grounds asserted in his brief, we dismiss his appeal of his sentence.

Accordingly, we affirm Brown's conviction and dismiss the appeal of his sentence.

**AFFIRMED IN PART, DISMISSED IN PART.**