[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 11, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13799
Non-Argument Calendar

_____

D. C. Docket No. 06-80012-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOMINIQUE SHULER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 11, 2007)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Dominique Shuler appeals his convictions for possession with intent to

distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). After review, we affirm.

On appeal, Shuler argues that the district court abused its discretion when it denied his motion to withdraw his guilty plea. The problem for Shuler is that the district court did not rule on Shuler's motion to withdraw his guilty plea because Shuler withdrew his motion.

The transcript of Shuler's sentencing hearing shows that Shuler, through counsel, informed the court that he originally wanted to withdraw his guilty plea because he had not received the additional one-point reduction in his offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b). However, after the district court informed Shuler that it would give him the additional point reduction, Shuler said that he had only wanted to make sure he received that additional point reduction and wanted to proceed with sentencing.

Thus, the record clearly demonstrates that Shuler voluntarily withdrew his motion to withdraw his guilty plea. Because the district court did not rule on Shuler's withdrawal motion, there is no ruling for this Court to review. See United States v. Montoya, 782 F.2d 1554, 1556 (11th Cir. 1986) (holding that, absent exceptional circumstances, defendant's withdrawal of motion for mistrial left

2

"nothing for this [C]ourt to review," and noting that we would not "countenance the practice of 'sandbagging' the district court" by withdrawing the motion after consultation with counsel and then arguing on appeal reversible error for failing to grant the motion); see also United States v. Olano, 507 U.S. 725, 733-34, 113 S. Ct. 1770, 1777 (1993) (explaining that in criminal cases plain error review under Rule 52(b) extends to forfeited errors, in which the defendant fails to make the timely assertion of a right, but not waived errors, in which the defendant intentionally relinquishes or abandons a known right).

Shuler also argues that the district court violated Federal Rule of Criminal Procedure 11(c)(1)[1] during the sentencing hearing by pressuring him into maintaining his guilty plea. Specifically, Shuler points to comments by the district court that, if Shuler was found guilty after a trial, it might be inclined to depart upward from the advisory guideline range because Shuler's criminal history was underrepresented, as follows:

> I could depart upward from the guideline because he has got double the points that are necessary for criminal history six.
>     I can't imagine any advantage of him withdrawing his plea and going to trial if we're only dealing with a point one that you say delayed their giving the plea because some of advice you gave. I can give him the extra point if that's the issue and proceed to sentencing.

---

[1]Although Shuler cites former Rule 11(e)(1), the provision prohibiting a district court from participating in plea negotiations is now found in Rule 11(c)(1), following the 2002 amendments to the Federal Rules of Criminal Procedure.

3

I would think that if he goes to trial, is convicted, I might be inclined to depart upward because his criminal history is under-represented. I don't see the advantage at this point of him withdrawing a plea.

Because Shuler raises this argument for the first time on appeal, we review only for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). Error is "plain" when it is obvious and clear under current law. United States v. Baker, 432 F.3d 1189, 1207 (11th Cir. 2005).

Rule 11(c)(1) provides that "[a]n attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions." Fed. R. Crim. P. 11(c)(1). "Rule 11's prohibition on court participation in plea negotiations is designed to entirely eliminate judicial pressure from the plea bargaining process." United States v. Diaz, 138 F.3d 1359, 1362 (11th Cir. 1998). Under Rule 11, a district court's role is to evaluate a plea agreement once the parties disclose it in open court, and, prior to that time, a court should not offer comments regarding a possible plea agreement because such statements "are indications of what the judge will accept, and one can only assume that they will quickly become the focal point of further discussions." Id. at 1363 (quotation marks omitted). Rule 11(c)(1) also prohibits the discussion of "the penal consequences of a guilty plea as compared to going to trial" because such

4

statements are "inherently coercive, no matter how well-intentioned." United States v. Johnson, 89 F.3d 778, 783 (11th Cir. 1996).

Here, Shuler does not argue, nor does the record reflect, that the district court participated in plea negotiations prior to the entry of his guilty plea. Rather, Shuler relies on comments made by the district court at sentencing, after he had entered his guilty plea. However, Shuler does not cite, and we have not located, any case applying Rule 11(c)(1) to post-plea proceedings. Moreover, neither the plain language of Rule 11(c)(1), nor the relevant Rule 11 commentary, states that a court cannot comment on possible penalties when addressing a motion to withdraw a guilty plea. See Fed. R. Crim. P. 11(c)(1). Thus, even assuming without deciding that the district court's comments were improper under Rule 11(c)(1), Shuler has failed to demonstrate that the alleged error is plain.

**AFFIRMED.**