

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-20-2009

# USA v. Watts

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3048

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Watts" (2009). *2009 Decisions.* Paper 2014.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2014

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3048
_____

UNITED STATES OF AMERICA

v.

ANSELMO E. WATTS,

Appellant

_____

On Appeal from the District Court
of the Virgin Islands – Appellate Division
Division of St. Thomas
(D.C. No. 06-cr-00003)
District Judge:  Honorable Curtis V. Gomez

_____

Submitted Under Third Circuit LAR 34.1(a)
December 8, 2008

Before:  FISHER, JORDAN and STAPLETON, *Circuit Judges*.

(Filed:January 20, 2009)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Defendant Anselmo Watts appeals his conviction following a jury trial for

possession of a controlled substance with intent to distribute in violation of 21 U.S.C.

§ 841(a)(1). His sole argument on appeal is that there was insufficient evidence of his intent to distribute. For the reasons set forth below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On September 28, 2004, Virgin Islands Police Officers Rolando Huertas and Nyeim France observed a vehicle driving erratically and at a high rate of speed. The officers also noticed that the vehicle had a cracked windshield. The officers conducted a routine traffic stop and asked the driver to produce his driver's license, registration, and insurance. Watts was the driver of this vehicle. From outside the vehicle, Officer France noticed "marijuana buds" on a seat and in the ashtray. Officer Huertas asked Watts if there was anything else inside the vehicle, and Watts responded: "No, you could go ahead and check." Officer Huertas found a Wendy's bag with a brick-shaped object under the driver's seat of the vehicle and asked Watts if he knew what was inside the bag. Watts did not respond immediately and Officer Huertas repeated his question, at which point Watts replied: "[Y]eah, I know what that be." The officers then issued a *Miranda* warning and placed Watts under arrest. After receiving a second *Miranda* warning at the police station, Watts stated that he found the package by a dumpster across from a junior high school and that he thought it was weed.

2

On February 1, 2006, Watts was charged in a one-count indictment with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Trial commenced on June 26, 2006,[1] at which time the Government presented testimony from a Drug Enforcement Administration forensic chemist who testified that the package contained 998.5 grams of cocaine at 89% purity. At the close of the Government's case, Watts moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. The District Court denied the motion. Without presenting any witnesses, Watts renewed his motion for judgment of acquittal, and the District Court again denied the motion. The jury returned a guilty verdict, and following sentencing Watts filed a timely notice of appeal.

II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction to review the District Court's final decision pursuant to 28 U.S.C. § 1291. In reviewing a challenge to the sufficiency of the evidence, we ask whether, after viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *United States v. Jimenez*, 513 F.3d 62, 81 (3d Cir. 2008).

---

[1]An earlier trial commenced on April 18, 2006, and concluded on April 19, 2006, with a hung jury. The District Court subsequently granted Watts's motion for a mistrial based on the jury's inability to reach a verdict.

Watts argues that his conviction for possession with intent to distribute cocaine should be reversed because the fact that the quantity of the cocaine was almost one kilogram and the purity of the cocaine was 89% was not sufficient evidence from which a trier of fact could infer intent to distribute. Contrary to Watts's contention, "[w]hen a defendant is found in possession of a sufficiently large quantity of drugs, an intent to distribute may logically be inferred from the quantity of drugs alone." *United States v. Rodriguez*, 961 F.2d 1089, 1092 (3d Cir. 1992). Several other Courts of Appeals are in agreement that an intent to distribute may reasonably be inferred from the large quantity of the drugs in a defendant's possession. *See United States v. O'Campo*, 937 F.2d 485, 488 (9th Cir. 1991) ("Possession of a large quantity of cocaine alone may be sufficient to infer both knowledge and intent."); *United States v. Brown*, 921 F.2d 785, 792 (8th Cir. 1990) ("[I]ntent to distribute . . . can be inferred solely from possession of a large quantity of drugs."); *United States v. Montoya*, 782 F.2d 1554, 1555 (11th Cir. 1986) (concluding the evidence was sufficient because the defendant was in possession of "a quantity of cocaine large enough for the jury to infer an intention to distribute it"). However, when the amount of cocaine in a defendant's possession is consistent with personal use, then it is not permissible for a jury to infer an intent to distribute. *See Turner v. United States*, 393 U.S. 398, 423 (1970) ("[H]aving a small quantity of a cocaine and sugar mixture [14.68 grams] is itself consistent with [the defendant's] possessing the cocaine not for

sale but exclusively for his personal use."); *United States v. Boissoneault*, 936 F.2d 230, 234 (2d Cir. 1991) ("[T]he quantity of cocaine at issue, 5.31 grams (.19 oz.), was not inconsistent with personal use."); *United States v. Latham*, 874 F.2d 852, 863 (1st Cir. 1989) ("[A]n inference of intent to distribute is not warranted from the possession of one ounce of cocaine.").

In the instant case, the evidence presented at trial included testimony that the contents of the brick-shaped object found under the driver's seat of Watts's car contained 998.5 grams of 89% purity cocaine. When viewed in the light most favorable to the Government, it is clear that this evidence was sufficient for a rational jury to find that the Government proved beyond a reasonable doubt that Watts possessed the cocaine with an intent to distribute. The large quantity of cocaine in Watts's possession was alone sufficient for the jury to infer that he intended to distribute it. Although there was not testimony at trial with respect to whether possessing nearly one kilogram of cocaine was inconsistent with personal use, this was a reasonable inference for the jury to make. Therefore, the evidence was sufficient to establish Watts's intent to distribute cocaine, and his argument on appeal must fail.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.