[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10469
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cv-02058-RBD-DAB


TIMOTHY D. WOULARD,

                                                    Petitioner - Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                    Respondents - Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(September 5, 2017)

Before TJOFLAT, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Timothy Woulard, a Florida state prisoner proceeding *pro se* and *in forma pauperis*, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas

corpus petition as barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. § 2244(d)(1). Upon review of the record and the parties' briefs, we affirm.

# I

Because we write for the parties, we set out only what is necessary to resolve this appeal.

In March of 2010, Mr. Woulard was charged in Florida state court with second-degree murder with a firearm (count 1) and possession of a firearm by a convicted felon (count 2). Mr. Woulard pled guilty to the lesser-included offense of manslaughter for count 1 and to the possession charge, and he was sentenced pursuant to a plea agreement on May 11, 2010.

In June of 2010, Mr. Woulard moved to withdraw his guilty plea. After an evidentiary hearing, he stated that he no longer wanted to take back his plea, and the state court allowed him to withdraw the motion on July 30, 2010.[1]

On January 26, 2011, Mr. Woulard filed a Rule 3.850 motion for post-conviction relief in state court and asserted two grounds of ineffective assistance of counsel. The state court granted an evidentiary hearing on one issue, but subsequently entered an order denying the motion in March of 2013. The Fifth

---

[1] Mr. Woulard filed a second motion to withdraw his guilty plea on August 14, 2010, but it was dismissed as untimely.

2

District Court of Appeal issued a per curiam opinion affirming, and the mandate issued on May 2, 2014.

Mr. Woulard filed an initial *pro se* § 2254 petition in federal court on October 7, 2014, but the district court dismissed it without prejudice because he had not paid the filing fee, filed an affidavit of indigency, or tried to seek IFP status. Rather than filing a motion for reconsideration or appealing the dismissal, Mr. Woulard filed a second § 2254 petition on December 10, 2014.

In January of 2016, the district court dismissed Mr. Woulard's second § 2254 petition as untimely because it was due on December 4, 2014. In reaching that calculation, the district court applied Florida law and found that the one-year statute of limitations period began to run on August 30, 2010 (i.e., 30 days after Mr. Woulard's motion to withdraw his plea pleadings had ended) because he had not appealed his state convictions or sentence. The district court recognized that his properly-filed state post-conviction motion tolled the limitations period from January 26, 2011 (the date he filed the motion) through May 2, 2014 (the date the appellate mandate issued for the denial of the motion). Given that 149 days had elapsed between August 30, 2010, and the filing of the state post-conviction motion, the district court found that Mr. Woulard had 216 days from the date of the state appellate mandate to timely file a federal habeas petition.

In October of 2016, we granted a certificate of appealability on one issue: whether the district court erred in dismissing Woulard's § 2254 petition as untimely.    Because Mr. Woulard has abandoned the only equitable tolling argument that he made in the district court, and he has waived his remaining arguments on appeal, we now affirm.

## II

We review a district court's decision to dismiss a habeas petition as untimely and its decision regarding the applicability of equitable tolling *de novo*.  *See San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011).   A district court's relevant factual findings are reviewed only for clear error, *see id.*, and we therefore must be "left with a 'definite and firm conviction that a mistake has been committed.'"  *United States v. Smith*, 821 F.3d 1293, 1302 (11th Cir. 2016).

## III

AEDPA imposes a strict one-year statute of limitations for filing a § 2254 habeas petition and identifies four events that trigger the one-year period.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).   As relevant here, the one-year period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The statute of limitations period is tolled, however, while a properly-filed motion for state post-conviction relief is pending.  *See* § 2244(d)(2).  In Florida, a state

post-conviction motion is pending until the appropriate appellate court issues the mandate for its order affirming a state trial court's denial of the motion. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000).

A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). We have held that a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin*, 633 F.3d at 1267. We may also consider an untimely habeas petition if a petitioner can show that he is actually innocent, but this "exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent." *Id.* at 1267–68 (citation omitted). Although we liberally construe *pro se* briefs, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Moreover, issues that are raised for the first time on appeal generally will not be addressed unless an exception applies. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004).

Here, Mr. Woulard has abandoned his equitable tolling argument regarding his initial § 2254 petition (filed on October 7, 2014, without paying the filing fee) because he did not brief the issue on appeal. *See Timson*, 518 F.3d at 874. Even if

5

he had briefed the issue, he has not attempted to show a causal connection between an extraordinary circumstance and his inability to file the petition on time. *See San Martin*, 633 F.3d at 1267.

Instead, Mr. Woulard claims for the first time on appeal that his second § 2254 petition was actually filed (through mailing) on December 1, 2010, but that a corrections officer incorrectly transposed the date as December 10, 2010. Mr. Woulard has not asserted that any of the exceptions to the waiver rule apply, and we therefore decline to address that new argument. *See Access Now*, 385 F.3d at 1331 (explaining that if we address issues "that districts court never had a chance to examine, we . . . deviate from the essential nature . . . of an appellate court"). *Cf. Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (noting that although we are required to liberally construe *pro se* pleadings, issues not raised in the district court are generally deemed waived).

In addition, Mr. Woulard argues that he is entitled to proceed because he has made a substantial showing of a deprivation of a constitutional right—ineffective assistance of counsel. But he incorrectly asserts the standard for determining whether a petitioner should be granted a COA under 28 U.S.C. § 2253(c)(2) as a basis for excusing the timeliness issue here.[2]

---

[2] The only equitable tolling argument that Mr. Woulard made in the district court was that the district court's November 21, 2014 dismissal of his habeas petition without prejudice (for failure to pay the filing fee or to request IFP status) did not give him enough time to re-file on time. At the time, he admitted that his petition should have been filed by December 4, 2010, but that his

6

We do not have authority to review Mr. Woulard's additional claims that his attorney rendered ineffective assistance of counsel, that he is entitled to another evidentiary hearing, and that he has new witness testimony to present because our review is limited to the timeliness issue listed in the COA. *See Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998) (holding that our appellate review of an unsuccessful habeas petition is limited because § 2253(c)(3) "mandates that the COA indicate 'which specific issue or issues satisfy the showing' necessary for granting such a certificate"). In any event, Mr. Woulard has also waived these issues because he did not raise them as a basis for equitable tolling below.

Insofar as Mr. Woulard claims that the actual innocence exception applies, his argument is tied to his ineffective assistance of counsel claim. He contends that if his attorney had been effective in filing a motion to suppress the evidence against him, then the state would not have been able to prove that he committed a crime, and he therefore would not have pled guilty. This claim, if true, may lend support for legal innocence, but Mr. Woulard has not met the high bar of providing new evidence that supports *factual* innocence. *See San Martin*, 633 F.3d at 1268. *Cf. McQuiggin v. Perkins*, 133 S. Ct. 1924, 1930 (2013) (explaining that new evidence must be sufficient to establish that "it is more likely than not that no reasonable juror would have convicted" the petitioner).

---

failure to do so was based on an unconstitutional application of federal law in that the district court denied him access to the courts.

Lastly, although Mr. Woulard has not argued that the district court clearly erred in calculating the date that he was required to file a federal habeas corpus petition, we briefly address the district court's finding. We have explained that withdrawing a motion leaves "nothing . . . to review," *see United States v. Montoya*, 782 F.2d 1554, 1556 (11th Cir. 1986), so, the district court did not clearly err by finding that Mr. Woulard's convictions became final on August 30, 2010, because he did not appeal within 30 days after withdrawing his motion to withdraw his guilty plea. *See* Fla. R. App. P. 9.140(b)(3); *Gust v. State*, 535 So. 2d 642, 643 (1st DCA 1988) (observing that a judgment becomes final when the 30-day period for filing a direct appeal expires). The district court then counted 149 days from the start of the limitations period to Mr. Woulard's state post-conviction motion, properly recognized that the limitations period tolled during the pendency of Mr. Woulard's state post-conviction motion, *see* § 2244(d)(2), and added an additional 216 days once the appellate mandate issued on May 2, 2014. *See Nyland*, 216 F.3d at 1267.

In sum, Mr. Woulard has not provided a basis for applying the doctrine of equitable tolling, and we are not left with the firm conviction that the district court committed a factual error in determining that Mr. Woulard was required to file his federal habeas petition by December 4, 2014. *See Smith*, 821 F.3d at 1302.

**IV**

8

We affirm the district court's dismissal of Mr. Woulard's habeas corpus petition as untimely.

**AFFIRMED.**